IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) | |
|                 Plaintiff,            ) | |
| v.            ) | Case No. CR-07-124-M |
| JEFFREY LEE FISH,            ) | |
|                 Defendant.            ) | |

SENTENCING MEMORANDUM

Jeffrey Lee Fish, through counsel, William P. Earley, submits this Sentencing Memorandum addressing the statutory factors set forth in Title 18, United States Code, §3553(a). This Sentencing Memorandum is submitted timely pursuant LCrR 32.2. The Presentence Report containing the final addendum and revisions was disclosed and received by counsel on October 11, 2007. Counsel for Mr. Fish requests the Court impose a sentence of sixty months, the mandatory minimum sentence. A sentence of sixty months will satisfy the statutory goals of sentencing.

*Statutory factors set forth in Title 18, United States Code, §3553(a).*

The primary directive in Section 3553(a) is for a sentencing court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." Title 18, United States Code, §3553(a)(2) states that such purposes are:

    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)    to afford adequate deterrence to criminal conduct;

    (C)    to protect the public from further crimes of the defendant; and

    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, §3553(a) further directs sentencing courts to consider the following factors:

    1)    "the nature and circumstances of the offense and the history and characteristics of the defendant" (Title 18, United States Code, §3553(a)(1);

    2)    "the kinds of sentences available" (Title 18, United States Code, §3553(a)(3);

    3)    "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" (Title 18, United States Code, §3553(a)(6); and

    4)    "the need to provide restitution to any victims of the offense." (Title 18, United States Code, §3553(a)(7).

Other statutory sections also give the district court direction in sentencing. Under Title 18, United States Code, §3582(a), imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to "recogniz[e] that imprisonment is *not* an appropriate means of promoting correction and rehabilitation" (emphasis added).

Under Title 18, United States Code, §3661, "no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." (emphasis added). This statutory language overrides the (now-advisory) policy statements in Part H of the sentencing guidelines, which list as "not ordinarily relevant" to sentencing a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence, and lack of guidance as a youth. *See* U.S.S.G. §5H1.

The directives of *United States v. Booker*, 543 U.S. 220 (2005) and §3553(a) make clear that courts may no longer uncritically apply the Sentencing Guidelines. A sentencing court must now consider all of the §3553(a) factors, not just the guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing. The Supreme Court's recent decision in *Rita v. United States*, 127 S.Ct. 2456 (2007), reinforces the admonition that district courts should not attach any presumption to the appropriateness of a sentence within the advisory guidelines. "We repeat that the presumption before us is an appellate presumption. Given our explanation in *Booker* that appellate 'reasonableness' review merely asks whether the trial court abused its discretion, the presumption applies only on appellate review. . . . the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." *Rita*, 127 S.Ct at 2465.

The Presentence Report reflects the advisory sentencing guideline range of imprisonment is 78 to 97 months. There are factors warranting a variance from this advisory guideline range. Mr. Fish submits a sentence of sixty months is warranted when his life history and the nature and circumstances of this offense are measured against the statutory factors this Court must consider.

**NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT.**

*Nature of the offense*

Mr. Fish submits the nature of the offense is accurately reflected in paragraphs 11 through 14.

*History and characteristics of the defendant.*

Mr. Fish's history and characteristics in general are reflected in the Presentence Report. While the factual material provided to the Court in the Presentence Report is accurate, Mr. Fish's history and characteristics are captured best through the words of those who know him. Provided separately for the Court's consideration are letters from Mr. Fish's family and friends.

Mr. Fish suffered abuse as a child. See *PSR ¶ 41*. It is likely Mr. Fish's actions in the instant case were influenced to a substantial degree by this abuse, given the nature of it. In addition, Mr. Fish's level of functioning is low. School records indicate at the age of fifteen his full scale intelligence quotient was in the "borderline defective range." Mr. Fish dropped out of school shortly thereafter and has not furthered his education.

Mr. Fish has also battled substance abuse issues. In fact, Mr. Fish is confident that this incident would not have occurred had he not been abusing substances at the time. In spite of Mr. Fish's limitations, he has been able to work consistently. More importantly, he has been able to successfully address his substance abuse issue in the last year. Further, as reflected by the mental health professionals with whom Mr. Fish counseled before being incarcerated, he actively participated in counseling and exhibited a positive attitude.

**THE NEED FOR THE SENTENCE IMPOSED.**

*To reflect the seriousness of the offense*

Mr. Fish acknowledges the offense of conviction is serious. Congress chose a statutory range requiring, at a minimum, a five year sentence of imprisonment to insure that the aggravating nature of the conduct would be addressed by imprisonment. In this case, a sentence of sixty months is more than sufficient to reflect the seriousness of the offense.

*To promote respect for the law*

Mr. Fish understands the wrongfulness of his actions and respects the fact the law will requires a serious consequence to those actions. Mr. Fish's history shows he has respect for the law. Mr. Fish's criminal history reflects that for over a decade he has had no contact with the criminal justice system. His prior convictions were related to his earlier battle with substance abuse. Mr. Fish has not been a burden on society and a sentence of sixty months' incarceration is more than sufficient to promote respect for the law.

*To provide just punishment for the offense*

There is no evidence that suggests or even hints at the possibility Mr. Fish has engaged in this type of activity before or after the instant offense. This was an isolated incident. Five years in prison is "just punishment" under these circumstances.

*To afford adequate deterrence to criminal conduct*

Deterrence has already been accomplished. Mr. Fish does not need more than sixty months' imprisonment to convince him that engaging in this activity carries significant costs.

*To protect the public from further crimes of the defendant*

The public is not in need of protection from Mr. Fish. Mr. Fish was living and working in society for at least two years after this event. Again, there is no evidence he engaged in further conduct of this nature. The minimum term of incarceration with a period of supervision to follow will be more than sufficient to "protect" the public.

*To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner*

Mr. Fish may benefit from educational training by obtaining his GED while incarcerated. However, that training can be accomplished well within a five year term of imprisonment. Otherwise, Mr. Fish is not in need of vocational training, medical care, or other "correctional treatment" warranting a lengthier term of confinement. Mr. Fish has already shown he responds positively to counseling in a community setting. That type of counseling will not be available in a Bureau of Prisons facility.

**THE KINDS OF SENTENCE AND THE SENTENCING RANGE ESTABLISHED FOR THE APPLICABLE CATEGORY OF OFFENSE COMMITTED BY THE APPLICABLE CATEGORY OF DEFENDANT AS SET FORTH IN THE GUIDELINES**.

As reflected in the Presentence Report and Addendum, should Mr. Fish's objections to the calculation of the guideline range be sustained, the advisory guideline range will be less than the mandatory minimum term of imprisonment required by statute.

**PERTINENT POLICY STATEMENTS ISSUED BY THE SENTENCING COMMISSION.**

Counsel is not aware of policy statements by the Sentencing Commission that are pertinent to this presentation.

**THE NEED TO AVOID UNWARRANTED SENTENCE DISPARITIES AMONG DEFENDANTS WITH SIMILAR RECORDS WHO HAVE BEEN FOUND GUILTY OF SIMILAR CONDUCT.**

It is *unwarranted* disparity the guidelines seek to avoid. Each case provides its own set of mitigating and aggravating factors that to a greater or lesser extent distinguish it from the "heartland" of cases of its type. The mitigating factors presented in this case distinguish it from similar cases.

**NEED TO PROVIDE RESTITUTION**.

It appears restitution is not an issue.

## CONCLUSION

Mr. Fish has accepted responsibility for his actions. Each of the statutory factors this Court must consider justify and call for the Court to impose a sentence of no more than the sixty months mandatory minimum term of imprisonment.

>Respectfully submitted,
>
>*s/ William P. Earley*
>WILLIAM P. EARLEY
>ASSISTANT FEDERAL PUBLIC DEFENDER
>Bar Number 11293
>SUITE 109, 215 DEAN A. McGEE AVENUE
>OKLAHOMA CITY, OKLAHOMA  73102
>(405)609-5930   FAX (405) 609-5932
>E-mail   william.earley@fd.org
>COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on this the 25th day of October, 2007, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic filing to the following ECF registrants: Randal Sengel, Assistant United States Attorney.

>*s/ William P. Earley*
>WILLIAM P. EARLEY